## Commonwealth of Massachusetts

MIDDLESEX, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 183736

Gail Sweeney , PLAINTIFF(S),

v.

Santander Bank, N.A. , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO Santander Bank, N.A. 75 State Street Boston, MA 02109 . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Superior Court, 200 Tradecenter Woburn, MA (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 76 Canal Street, Suite 302, Boston, MA

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.



A true copy Attest.
Deputy Sheriff Suffolk County
2-14-19

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on January 29th, 2019.

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20___   Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

, 20___

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

WOBURN SUPERIOR COURT
CIVIL ACTION NO: ~~~~~~

GAIL SWEENEY,
    Plaintiff,

v.

SANTANDER BANK, N.A.
    Defendant,

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### INTRODUCTION

1. This is an action brought by Plaintiff, Gail Sweeney against Santander Bank, N.A. for Age and Race discrimination, retaliation and failure to remit Severance Benefits.

### PARTIES

2. Plaintiff Gail Sweeney (hereinafter "Sweeney") is an individual residing in Braintree, Norfolk County, MA 02184.

3. Defendant, Santander Bank N.A., (hereinafter "Santander"), is a national banking institution with its principal place of business at 824 North Market Street, Suite 100, Wilmington, New Castle County, Delaware 19801, with branches throughout Massachusetts, with an office in the above-mentioned matter (where plaintiff worked at relevant times) located at 5 Whittier Street in Framingham, Middlesex County, Massachusetts, 01701.

### FACTS

4. Plaintiff was employed by Santander and the various predecessors of Sovereign Bank such as Bank of Boston dating back to 1984, roughly 33 years.

5. Upon information and belief, Sweeney had in general an exemplary career, receiving mostly positive reviews with corresponding wage increases and upon information and belief was not given any valid written warnings concerning her performance pursuant to Santander's progressive discipline policy in the thirty-three (33) years preceding the

alleged events on or about June 2017. Contrarily, Sweeney customarily received positive performance reviews up to and including her final review in February of 2017, which resulted in a monetary raise.

6. Sweeney who worked in a call center of defendant in close quarters with other employees, with no mal intent, allegedly asked a coworker, on one occasion who would begin speaking in English and then switch to Spanish in conversing with another coworker, if she would mind refraining from doing so, as it made other workers, including herself, uncomfortable as she did not speak Spanish. Sweeney's manager previously advised her that English was the language to be spoken in the workplace at Santander.

7. On or about mid-June of 2017, a coworker in the above-mentioned interaction filed a complaint against Sweeney with Santander. Sweeney did not receive reciprocal respect and treatment during the handling of the complaint, and believes this utilized as a ruse and/or as part of the policy and practice of Santander to eliminate older, white workers of protected class. By this point, several other employees within Sweeney's age bracket at Santander and within the same department had been systemically separated from employ.

8. Upon information and belief, Santander's actions indicate a recurrent pattern in which white employees often 50 years old or older, within the protected class, were systematically replaced by younger, mainly minority workers.

9. On or about June 26, 2017, Sweeney attended the follow-up meeting which consisted of the following members of management: Director of Fraud Prevention, the Fraud Card Prevention Manager, and a representative from Employee Relations.

10. At the aforementioned meeting on or about June 26, 2017, Sweeney was allegedly initially terminated from her position of Fraud Analyst at Santander, located at 5 Whittier Street in Framingham, Massachusetts, 01701, purportedly due to the prior interaction with the co worker, although subsequently dates of July and August 2017 respectively were provided by the defendant as termination dates.

11. Sweeney was provided with an improperly/deficiently implemented/explained severance option, resulting in an improper offer of eight (8) weeks of severance for over 30 years of service.

12. Sweeney, like several other older Santander employees around the same time, was offered an inadequate severance package with oppressive releases, to be replaced by younger often minority employees who would be paid significantly less that an individual with Sweeney's experience.

13. But for Santander's unlawful actions, Sweeney would have anticipated employment at Santander based upon her prior work history, until the retirement age of 67.

14. Sweeney has been unable to find gainful employment since her termination at Santander.

15. On April 20, 2018, Sweeney filed a complaint against Defendant (MCAD # 18BEM01333; EEOC # 16C-2018-01581) alleging discrimination on the basis of age, in violation of M.G.L. c. 151B, §4 (1B) and the Age Discrimination and Employment Act (ADEA), 29 U.S.C. §623 et seq. as well as race etc.

16. As of the time of filing this Complaint, Defendant has refused to provide redress or act on issues presented by Sweeney.

17. On or about August 16, 2018, Sweeney requested permission to withdraw her complaint from the MCAD in order to file a private right of action in civil court.

## EXHAUSTION OF REMEDIES

18. Plaintiff has exhausted administrative remedies through MCAD and as such has previously submitted a Withdrawal Form after 90 days from filing the Complaint at MCAD.

## CAUSES OF ACTION

(Each Cause of Action Specifically Incorporates by Reference All of Those Paragraphs Previously Set Forth)

## COUNT I: M.G.L. c. 151B, Sections 4(1B) et seq.

1. The foregoing allegations are restated and incorporated herein.

2. The Massachusetts Fair Employment Practices Act ("FEPA") prohibits employers from discriminating against applicants or employees on the basis of age.

3. FEPA protects individuals who are at least 40 years old, and applies to both public and private employers with six or more employees.

4. FEPA prohibits, in part, the discharge from employment unless pursuant to any other general or special law.

5. At 60 years old, Sweeney was a member of a protected class under FEPA.

6. Sweeney adequately performed her duties as a Fraud Analyst at Santander.

7. Upon Sweeney's termination, due strictly because of Sweeney's age, the surrounding circumstances give rise to a reasonable inference of discrimination by Santander based upon the protected class status of Plaintiff.

### COUNT II: ADEA, 29 U.S.C. §623 et seq.

1. The foregoing allegations are restated and incorporated herein.

2. The Age Discrimination in Employment Act ("ADEA") prohibits employers from discriminating against employees on the basis of age.

3. ADEA Protects individuals who are at least 40 years of age.

4. ADEA prohibits, in part, discharge from employment on the basis of age.

5. At 60 years old, Sweeney was a member of a protected class under the ADEA.

6. Sweeney adequately performed her duties as a Fraud Analyst at Santander.

7. Upon Sweeney's termination, due strictly because of Sweeney's age, the surrounding circumstances give rise to a reasonable inference of age discrimination by Santander based upon the protected class status of Plaintiff.

### COUNT III: M.G.L. C.151B Sections 4(2) et. Seq.

8. The forgoing allegations are restated and incorporated herein.

9. FEPA prohibits employers such as the defendant form discriminating against employees on the basis of race, here the plaintiff.

10. Plaintiff satisfactorily performed the functions of her job for the defendant.

11. M.G.L 151B S.2 prohibits in part discharge from employment due to race.

12. Defendant Santander unlawfully terminated older white employees, such as the Plaintiff and replaced them with younger non white minorities.

13. Upon Sweeney's termination, due strictly because of Sweeney's age and race, the surrounding circumstances give rise to a reasonable inference of race discrimination by Santander based upon the protected class status of the Plaintiff.

### COUNT IV: BREACH OF CONTRACT: FAILURE TO PAY SEVERANCE BENEFITS

14. Plaintiff was employed by Santander.

15. Plaintiff was entitled to severance benefits at the time of her separation for employment.

16. Santander failed to offer an accurate amount, properly explain severance options and/or failed to remit Severance benefits that Plaintiff was lawfully entitled to.

### DEMANDS FOR RELIEF

Wherefore, the Plaintiff requests that this Court enter the following relief as to Counts I-IV:

A. Enter Judgment for the Plaintiff as to all Counts;

B. Award restitution of all wages and compensable working time for back-pay;

C. Award restitution for all wages and compensable working time for pay the plaintiff would have received but for discriminatory and retaliatory animus of defendants;

D. Award restitution for unpaid Severance Benefits;

E. Non-discretionary, statutory trebling of damages;

F. Pre and Post Judgment Interest;

G. Attorney's fees and costs;

H. Punitive damages;

I. Award his actual damages, emotional distress damages and all other remedies in law and in equity available under M.G.L. C.151B and ADEA, 29 U.S.C. §623 et seq.; and

J. Such other relief as this Court deems equitable and just.

### JURY CLAIM

**PLAINTIFF CLAIMS TRIAL BY JURY.**

The Plaintiff, Gail Sweeney,
By Her Attorney,
James E. Neyman & Associates, P.C.,

12/20/18

James E. Neyman, Esq. (BBO#555229)
76 Canal Street, Third Floor
James@neymanandassociates.com
Boston, MA 02114; (617) 723.2627

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 183736 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): GAIL SWEENEY ADDRESS: BRAINTREE MA 02184 | | COUNTY DEFENDANT(S): SANTANDER BANK, N.A. |
| ATTORNEY: JAMES NEYMAN ADDRESS: 76 CANAL STREET, 3D FLOOR BOSTON MA 02114 617-723-2627 BBO: 555229 | | ADDRESS: 5 WHITTIER ST FRAMINGHAM MA 01701 |

**TYPE OF ACTION AND TRACK DESIGNATION** (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination (Age) | F | ☒ YES ☐ NO |

*If "Other" please describe:

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................................... $
  2. Total doctor expenses ...................................................................... $
  3. Total chiropractic expenses ............................................................. $
  4. Total physical therapy expenses ..................................................... $
  5. Total other expenses (describe below) ........................................... $
                                                                      Subtotal (A): $
B. Documented lost wages and compensation to date ............................. 
C. Documented property damages to dated ............................................. $
D. Reasonably anticipated future medical and hospital expenses .......... $
E. Reasonably anticipated lost wages ...................................................... $
F. Other documented items of damages (describe below) ..................... $
                                                                                                    $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
lost wages, emotional distress caused by wrongful termination

Age+Race discrimination etc.
Wrongful termination, severance etc.

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL (A-F):$ 250K+

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X                                                 Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                                              Date: 12/20/18