# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GAIL SWEENEY,<br><br>  PLAINTIFF,<br><br>  v.<br><br>SANTANDER BANK, N.A.,<br><br>  DEFENDANT. | CIVIL ACTION NO. 19-cv-10845-ADB |

**DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant Santander Bank, N.A., ("Santander" or "Defendant") hereby objects and responds to the First Set of Interrogatories of Plaintiff Gail Sweeney ("Sweeney") pursuant to Fed. R. Civ. P. 33 and the Local Rules and states as follows:

**QUALIFICATIONS AND GENERAL OBJECTIONS**

1. Santander objects to the definitions contained in Plaintiff's Interrogatories to the extent those definitions impose obligations beyond those contained in the Federal Rules of Civil Procedure and/or Local Rules.

2. Santander objects to the Interrogatories to the extent that the Interrogatories seek to impose a duty on Santander beyond that required by the Federal Rules of Civil Procedure and/or Local Rules.

3. Santander further objects to the Interrogatories to the extent that the Interrogatories seek:

    a. information that represents attorney work-product;

    b. information that is protected by the attorney-client privilege or any other applicable privilege;

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1**

Please state your full name, date of birth, business address, current position with Santander and your position with Santander in 2017.

**ANSWER NO. 1**

Santander objects that Interrogatory No. 1 calls for the disclosure of information protected by the attorney-client privilege and/or the work-product doctrine. Santander further objects that this Interrogatory seeks information that is not relevant to the claims or defenses of this matter. Further objecting, this Interrogatory is compound and constitutes multiple interrogatories. Objecting further, this Interrogatory is directed to a corporate entity, and therefore is not susceptible to a response as worded. Further objecting, this Interrogatory seeks private, sensitive information of third parties. Subject to and without waiving the foregoing objections, Santander states that these interrogatories are being verified by Karin Fitch-Urbano, who may be contacted through counsel.

**INTERROGATORY NO. 2**

Please identify by date and grounds each and every reprimand, suspension, or adverse employment action taken by Santander with regard to the employment of the Plaintiff from the time she first began to work with Santander until the date she was discharged.

**ANSWER NO. 2**

Santander objects that Interrogatory No. 2 is overly broad in time and scope, as it is not limited to the issues relevant to this matter. Additionally, this Interrogatory calls for Santander to draw legal conclusions and/or assume facts. Further objecting, the terms "grounds," "reprimand," and "adverse employment action" are undefined, ambiguous, susceptible to multiple interpretations, and/or call for legal conclusions. Subject to and without waiving the

foregoing objections, and limiting its response to relevant "reprimands" issued by Santander only, Santander states that Plaintiff received performance management coaching from her manager on March 6, 2017 and April 6, 2017. On June 26, 2017, Plaintiff was informed that her employment was being terminated. On June 26, 2017, Ms. Sweeney was offered a mutual separation agreement which, if accepted, would provide Ms. Sweeney a non-working notice period through August 25, 2017. Due to Ms. Sweeney's failure to timely execute the mutual separation agreement, her employment was terminated as of July 17, 2017. Further responding, *see* documents produced in response to Request no. 26.

**INTERROGATORY NO. 3**

Please state each and every fact known to Santander and relied upon as grounds or reasons for terminating Gail Sweeney from employment as stated in Paragraph 10 of the Defendant Santander's Answer in that her termination was due to "inappropriate behavior" allegedly she committed.

**ANSWER NO. 3**

Santander objects that Interrogatory No. 3 calls for narrative responses and/or information best elicited through deposition and a review of the documents produced in discovery, and that it seeks information that is not susceptible to a thorough written summary. Santander also objects to this Interrogatory on the grounds that it is unduly burdensome and impracticable in asking for "each and every fact known to Santander" and relied upon to terminated Plaintiff. Additionally, Santander objects to this Interrogatory to the extent it calls for the disclosure of information protected by the attorney-client privilege or attorney work-product doctrine. Further objecting, this Interrogatory calls for Santander to draw legal conclusions and/or assume facts. Objecting further, this Interrogatory is compound and constitutes multiple

interrogatories.  Further objecting, the term "Paragraph 10 of the Defendant Santander's Answer" is undefined and ambiguous, as Paragraph 10 of Santander's Answer filed in this matter does not contain the term "inappropriate behavior," nor is the term "inappropriate behavior" defined.   Subject to and without waiving the foregoing objections, Santander states: On or about June 16, 2017, an employee within the Fraud Department raised a concern to Kim Williams, Fraud Manager, who forwarded the complaint to Karin Fitch-Urbano, Employee Relations Consultant, to investigate. The allegations were around race and ethnic discrimination, inappropriate comments about culture/languages spoken in the department and the way Plaintiff interacts with people, making them uncomfortable. Fitch-Urbano interviewed multiple employees including Plaintiff.  Two individuals that worked closely with Plaintiff substantiated that Plaintiff had on two separate occasions made racist comments: "this kind of race makes mistakes" and "what do all these black people do here, they all just stand around". In addition, three colleagues substantiated that on or about June 14, 2017 Plaintiff became upset and vocalized her displeasure with three colleagues speaking Spanish near her while at work. Another colleague told Fitch-Urbano that Plaintiff picked on a particular colleague.  In addition, about a year prior, while Plaintiff and another colleague were on break in the break room, the other colleague was on her phone speaking in her native language, Plaintiff asked the colleague to refrain from speaking in the colleague's native tongue on her personal cell phone conversation while they were on break as it was disturbing Plaintiff. Plaintiff told Fitch-Urbano that she remembered the incident, knew who it was and said she has the right to her break and it was bothersome to her that the other employee was speaking in her native language. In addition, one manager told Fitch-Urbano that Ms. Sweeney stated: "we shouldn't have to take these calls" after the manager requested she work with a hearing-impaired caller/customer using a Text Telephone

(TTY) or Telecommunication Device for the Deaf (TDD). Many of the employees who were interviewed said Plaintiff's inappropriate behavior had been going on for years, but people were afraid to complain because Plaintiff made it known verbally that if she felt people were reporting on her, she would find something on them and would bring it to human resources. Fitch-Urbano provided the results of her investigation to Fraud Management and a decision was made to terminate Sweeney's employment for her inappropriate conduct. Further responding, *see* documents produced in response to Request nos. 23-26, 28.

**INTERROGATORY NO. 4**

Please identify by name, position with Santander at the time, business address, and last residential address of each person if no longer employed by Santander, each and every person involved in or who played any role in the decision to terminate Gail Sweeney from employment with Santander.

**ANSWER NO. 4**

Santander objects that the terms "involved in" and "played any role in" are undefined, ambiguous, and susceptible to multiple interpretations. Additionally, Santander objects to this Interrogatory to the extent it calls for the disclosure of information protected by the attorney-client privilege or attorney work-product doctrine. Furthermore, Santander objects that this Interrogatory seeks sensitive, confidential and/or personal information, the disclosure of which would interfere with the privacy rights of employees or other third parties.  Subject to and without waiving the foregoing objections, Santander states that:

- In addition to counsel, the following individuals were involved in discussions concerning Ms. Sweeney's employment and the decision to terminate her employment:

- o   Michael Pagano, Director, Employee Relations; may be contacted through counsel.
- o   Debbie Hamid, Associate Director, Employee Relations; may be contacted through counsel.
- o   Karin Fitch-Urbano, Employee Relations Consultant; may be contacted through counsel.
- o   Brian Molinari, Associate Director, Employee Relations; may be contacted through counsel.
- o   Pierina Vachon, Employee Relations Consultant; may be contacted through counsel.
- o   Kimberly Williams, Fraud Manager; may be contacted through counsel.
- o   Daniel Hyland, Director of Fraud; may be contacted through counsel.

**INTERROGATORY NO. 5**

Please identify each and every rule, regulation, policy or directive of Santander that the Plaintiff allegedly violated when she suggested English be spoken in the department as everyone did not understand Spanish.

**ANSWER NO. 5**

Santander objects that Interrogatory No. 5 calls for narrative responses and/or information best elicited through a review of the documents produced in discovery, and that it seeks information that is not susceptible to a thorough written summary, particularly when discovery is ongoing.  Further objecting, this Interrogatory calls for Santander to assume facts, namely that Plaintiff was disciplined for "suggest[ing] English be spoken in the department as everyone did not understand Spanish."  Objecting further, this Interrogatory calls for Santander

to draw legal conclusions. Objecting further, this Interrogatory is compound and constitutes multiple interrogatories. Santander also objects to this Interrogatory's use of the terms and phrases "rules," "regulations," "policy," or "directive," as they are undefined and susceptible to multiple interpretations. Subject to and without waiving the foregoing objections, Santander states that when Plaintiff vocalized her displeasure with three colleagues speaking Spanish near her while at work, and when Plaintiff asked her colleague to refrain from speaking in the colleague's native tongue on her personal cell phone conversation while they were on break as it was disturbing Plaintiff, Plaintiff violated its Equal Opportunity, Respectful and Safe Workplace policy and the Anti-Discrimination and Harassment policy. Further responding, as stated in her job description, Plaintiff was expected to have excellent customer service and communication skills, both verbal and written and to maintain professional behavior at all times in representing the company. Responding further, *see* documents produced in response to Request Nos. 19 and 21.

**INTERROGATORY NO. 6**

Please state whether Santander had any rule, regulation, policy or directive with respect to the language that was to be spoken in the workplace in Massachusetts from 2014 to the present date, and, if so, what language was to be spoken in the workplace.

**ANSWER NO. 6**

Santander objects that Interrogatory No. 6 calls for narrative responses and/or information best elicited through a review of the documents produced in discovery, and that it seeks information that is not susceptible to a thorough written summary, particularly when discovery is ongoing. Santander further objects that this Interrogatory is overly broad in time, as it spans periods that have no bearing on the claims or defenses of this matter, and is overly broad

about June 14, 2017 Plaintiff became upset and vocalized her displeasure with three colleagues speaking Spanish near her while at work. Another colleague told Fitch-Urbano that Plaintiff picked on a particular colleague. In addition, about a year prior, while Plaintiff and another colleague were on break in the break room, the other colleague was on her phone speaking in her native language, Plaintiff asked the colleague to refrain from speaking in the colleague's native tongue on her personal cell phone conversation while they were on break as it was disturbing Plaintiff. Plaintiff told Fitch-Urbano that she remembered the incident, knew who it was and said she has the right to her break and it was bothersome to her that the other employee was speaking in her native language. In addition, one manager told Fitch-Urbano that Ms. Sweeney stated: "we shouldn't have to take these calls" after the manager requested she work with a hearing-impaired caller/customer using a Text Telephone (TTY) or Telecommunication Device for the Deaf (TDD). Many of the employees who were interviewed said Plaintiff's inappropriate behavior had been going on for years, but people were afraid to complain because Plaintiff made it known verbally that if she felt people were reporting on her, she would find something on them and would bring it to human resources. Further responding, *see* documents produced in response to Request nos. 23-26, 28.

**INTERROGATORY NO. 8**

Please identify any and all investigation and actions taken by Santander in response to the June 2017 complaint levied against the Plaintiff by another Santander employee, any investigation conducted, any hearing held and any records created by Santander with respect to this complaint filed against the Plaintiff.

**ANSWER NO. 8**

Santander objects that Interrogatory No. 8 calls for narrative responses and/or information best elicited through deposition. Santander also objects to this Interrogatory because the terms "investigations," "actions," "levied," "hearing," "records" are undefined, vague, and/or susceptible to multiple interpretations. Objecting further, identifying all "actions" taken by Santander "in response to the June 2017 complaint levied against the Plaintiff" would be unduly burdensome and impracticable. Santander objects to this Interrogatory to the extent it calls for the disclosure of information protected by the attorney-client privilege or attorney work-product doctrine. Santander further objects to this Interrogatory to the extent it calls for Santander to search and/or retrieve data electronically stored in inaccessible media and/or formats, which would be prohibitively expensive, time-consuming, and burdensome to access, find, and/or produce. Subject to and without waiving the foregoing objections, Santander states: On or about June 16, 2017, an employee within the Fraud Department raised a concern to Kim Williams, Fraud Manager, who forwarded the complaint to Karin Fitch-Urbano, Employee Relations Consultant, to investigate. The allegations were around race and ethnic discrimination, inappropriate comments about culture/languages spoken in the department and the way Plaintiff interacts with people, making them uncomfortable. Fitch-Urbano interviewed multiple employees including Plaintiff. Two individuals that worked closely with Plaintiff substantiated that Plaintiff had on two separate occasions made racist comments: "this kind of race makes mistakes" and "what do all these black people do here, they all just stand around". In addition, three colleagues substantiated that on or about June 14, 2017 Plaintiff became upset and vocalized her displeasure with three colleagues speaking Spanish near her while at work. Another colleague told Fitch-Urbano that Plaintiff picked on a particular colleague. In addition, about a year prior, while Plaintiff and another colleague were on break in the break room, the

12

other colleague was on her phone speaking in her native language, Plaintiff asked the colleague to refrain from speaking in the colleague's native tongue on her personal cell phone conversation while they were on break as it was disturbing Plaintiff. Plaintiff told Fitch-Urbano that she remembered the incident, knew who it was and said she has the right to her break and it was bothersome to her that the other employee was speaking in her native language. In addition, one manager told Fitch-Urbano that Ms. Sweeney stated: "we shouldn't have to take these calls" after the manager requested she work with a hearing-impaired caller/customer using a Text Telephone (TTY) or Telecommunication Device for the Deaf (TDD).  Many of the employees who were interviewed said Plaintiff's inappropriate behavior had been going on for years, but people were afraid to complain because Plaintiff made it known verbally that if she felt people were reporting on her, she would find something on them and would bring it to human resources. Fitch-Urbano provided the results of her investigation to Fraud Management and a decision was made to terminate Sweeney's employment for her inappropriate conduct.  Further responding, *see* documents produced in response to Request nos. 23-26, 28.

**INTERROGATORY NO. 9**

Please state the name, current business address and last known residential address of each and every Santander employee who filed any complaints against the Plaintiff in 2015 through 2017.

**ANSWER NO. 9**

Santander objects to Interrogatory No. 9 on the ground that it is overly broad in time and seeks information about "complaints" that are not relevant to the claims or defenses of this matter.  Objecting further, the terms "filed" and "complaint" are undefined, vague, and/or susceptible to multiple interpretations.  Santander also objects to this Interrogatory to the extent

13

For each and every person identified in Santander's answer to Plaintiff's Interrogatory No. 11, please state the amount or rate of pay of each and every person hired by Santander in its Fraud Prevention Unit from 2010 through 2017.

**ANSWER NO. 12**

Santander objects that Interrogatory No. 12 (and Interrogatory No. 11 referenced therein) is overbroad in time, geography, and scope, and calls for information that is not relevant because, among other reasons, "the amount or rate of pay" of every person "hired by Santander in its Fraud Prevention Unit in Massachusetts" over an eight-year span has no bearing on the claims or defenses of this matter.  Furthermore, Santander objects that this Interrogatory seeks sensitive, confidential and/or personal information, the disclosure of which would interfere with the privacy rights of employees or other third parties. Santander further objects to this Interrogatory to the extent it calls for Santander to search and/or retrieve data electronically stored in inaccessible media and/or formats, which would be prohibitively expensive, time-consuming, and burdensome to access, find, and/or produce.  Objecting further, Santander objects to this Interrogatory because locating all of the information requested would require review of multitudinous documents, which would be an undue burden not proportional to the needs of the case.  Further objecting, the term "amount or rate of pay" is undefined and ambiguous. Santander is withholding information on the basis of the foregoing objections.

**INTERROGATORY NO. 13**

Please state the name, date of birth, business address or last known residential address of each person if no longer employed by Santander of the person hired to fill the position formerly held by the Plaintiff *after* her discharge, including in your answer the work experience and education background of the person hired to fill her position.

**ANSWER NO. 13**

Santander objects that Interrogatory No. 13 calls for Santander to draw legal conclusions and/or assume facts. Santander also objects this Interrogatory seeks sensitive, confidential, and/or personal information, the disclosure of which would interfere with the privacy rights of employees or other third parties.  Objecting further, the terms "work experience" and "education background" are undefined, vague, and/or susceptible to multiple interpretations.  Further objecting, the "business address or last known residential address" and the "work experience and education background" of "the person hired to fill the position formerly held by the Plaintiff" have no bearing on the claims or defenses of this matter.  Subject to and without waiving the foregoing objections, Santander states that Ms. Sweeney's position was filled by Brandon Moutinho.

**INTERROGATORY NO. 14**

Please state each and every civil action filed in Massachusetts against Santander, N.A. alleging discrimination or wrongful discharge from 2010 through 2017, if any, including in your answer the court where any civil action was filed, the name of the parties involved and the docket number of each civil action.

**ANSWER NO. 14**

Santander objects that Interrogatory No. 14 is overbroad in time, geography, and scope and calls for information that is not relevant to Plaintiff's claims or Defendants' defenses in this matter, because the information sought regarding every "civil action" alleging "discrimination or wrongful discharge" have no bearing on the claims or defenses of this matter.  Objecting further, identifying every possible "civil action" filed, and all the information sought in this Interrogatory related thereto, without further limitation would be unduly burdensome and impracticable.

## VERIFICATION

Santander Bank, N.A., has utilized information obtained by it and by its attorneys from sources, including information obtained from employees and other individuals with relevant knowledge, to answer the above interrogatories. These answers, therefore, do not represent the personal knowledge of the individual executing this Verification. The above answers are based on inquiry of Santander Bank, N.A.'s agents and employees. Subject to the terms and limitations of this Verification, the undersigned verifies, under penalty of perjury, that the foregoing answers are true and correct to the best of his/her knowledge and belief as the agent of Santander Bank, N.A., and based upon information supplied on behalf of Santander Bank, N.A., as is available to it.

_____
Karin Fitch-Urbano

4823-2148-2672.1 053624.1098