UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GAIL SWEENEY, | ) | |
| PLAINTIFF | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:19-cv-10845-ADB |
| SANTANDER BANK, N.A., | ) ) | |
| DEFENDANT. | ) ) ) | |

## <u>RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS</u>

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, Defendant Santander Bank, N.A. ("Santander" or the "Bank") submits this response to Plaintiff's Statement of Additional Material Facts, ECF no. 45.  Admissions herein are for purposes of Santander's Motion for Summary Judgment only, and do not constitute any concession that a particular fact or allegation is relevant, material or probative.  Santander reserves all denials and defenses.

52. In 1984 Gail Sweeny started working nights as a data entry clerk at Bank of Boston, which became BankBoston, Fleet Bank, Sovereign Bank, then Santander Bank in 2009. Ex. A, Sweeny Depo. p. 14-16. From there she moved to the adjustment department, correcting errors on customer account. Id.

**<u>Response</u>**:  Admitted.

53. Sweeney worked in the adjustment department department until 2010 as it transitioned from all paper to computers. From there she was assigned to the fraud department, where she started doing fraud claims in 2010 or 2011. Id. at 18.

**<u>Response</u>**:  Admitted.

54. Santander moved the entire fraud department from Dorchester to Framingham in 2014. As a result of the move, Sweeney went from processing fraud claims to speaking directly with customers in a call center environment. Id. at 19-21.

**Response**: Admitted.

55. The call center employees sat at tables together, beside and facing each other, so everyone could see everyone else. Id. at 25-26.

**Response**: Admitted only that Plaintiff testified that she and her colleagues sat at tables together, beside and facing each other, so everyone could see everyone else, in 2016-17. Disputed otherwise, as the deposition excerpt cited does not support any further conclusions.

56. Because of a "partially meets expectations" instead of "expectations totally met" performance review from Manager Kim Foisy in February 2015 (2014 review), Sweeney could not transfer to another position in the Bank. Id. at 94-95.

**Response**: Admitted only that Plaintiff testified that she was told she could not transfer to another position because of her 2014 review. Otherwise disputed, as Plaintiff testified that she was able to apply and interview for another job in 2017. Pl Dep. 95-96.[1]

57. In the course of the 2014 review, Kim Foisy falsely accused Sweeney of time care fraud. Id. 33-38.

**Response**: Disputed that Kim Foisy "accused" Plaintiff of "time car[d] fraud … in the course of the 2014 review." Plaintiff testified that the "time card fraud" issue arose during a separate meeting. Pl Dep. 29-30.[1]

---

[1] Attached at Exh. A to the Declaration of Stephen Melnick ("Melnick Dec.") filed herewith.

58. After the 2014 review, Sweeney felt that she being targeted because Santander wanted the older employees out. Older workers were weeded out when the office was moved to Framingham and the bank started hiring more Spanish-speakers. Ex. A, Sweeney Depo. p. 85-86.

**Response**: Santander moves to strike this assertion as unsupported by the record and speculative. Plaintiff's subjective "feeling" that "she [was] being targeted because Santander wanted the older employees out" is not relevant and is inadmissible opinion. *See Torrech-Hernandez v. General Elec. Co.*, 519 F.3d 41, 53 (1st Cir. 2008) ("personal opinion, unsupported by fact, is not sufficiently probative on the issue of pretext"); *Rasheed v. Bissonnette*, 2015 U.S. Dist. LEXIS 62091, *32 (D.Mass. May 12, 2015) ("unsupported statements or opinions … are not admissible and will be struck"). The assertion that "Older workers were weeded out when the office was moved to Framingham and the bank started hiring more Spanish-speakers" is also not supported by the record evidence cited and therefore disputed.

59. Out of forty people hired by Santander for the Framingham fraud unit in 2017, thirty six were under forty. Ex D, 2017 new hires spreadsheet.

**Response**: Disputed. Several employees on "Ex D" were listed twice. The correct figure for 2017 new hires is 32 out of 35 were under 40.

60. All of Sweeney's performance reviews gave her good marks for working with other employees, including that she was "able to work cooperatively and effectively with other team members." "Gail communicates fairly well with her internal and external customers and has created good relationships within our department." "Gail is committed to diversity and to all Sovereign Bank's community commitment as well as appreciating accomplishments by her fellow workers." "[Gail] actively promotes the exchange of ideas, knowledge, experience and information

with other members of the group." "[Always] tolerant of the ideas, values and opinions of others." Ex. B, Fitch-Urbano Depo. pgs. 156-183.

**Response**: Disputed that "All of Sweeney's performance reviews gave her good marks for working with other employees" as unsupported by the record. The deposition transcript excerpt cited only discusses a fraction of Plaintiff's performance reviews. Admitted that the quotes listed in this statement appear in some of Plaintiff's reviews.

61. Sweeney's last review conducted by Jose Claudio in 2016 provides an overall performance rating of "Expectations totally met". It states that she was always tolerant of the ideas values and opinions of others and always clearly expresses her opinion though respecting that of others, and always provides constructive criticism. Ex. J.

**Response**: Admitted that Plaintiff received an "expectations totally met" rating from Jose Claudio for 2016, and admitted that for the categories "Is tolerant of the ideas, values and opinions of others" and "Clearly expresses his/her opinion, though respecting that of others, and always provides constructive criticism," Mr. Claudio gave her an "Always" rating. Plaintiff's Ex. J, at SBNA 00147.

62. Santander created a new unit in 2017 consisting of college grads who were bilingual. Ex. G, Sweeney affidavit.

**Response**: Disputed. The portions of Plaintiff's affidavit relating to this statement are subject to a motion to strike, and there is no other basis in the record for this statement.

63. Santander, a Spanish held company was increasing its Spanish clientele and young employees leading to the demise older employees like the Plaintiff. Ex. G, Sweeney Affidavit.

**Response**: Disputed. The portions of Plaintiff's affidavit relating to this statement are subject to a motion to strike, and there is no other basis in the record for this statement.

Respectfully submitted,

**SANTANDER BANK, N.A.**

By its attorneys,

/s/ Stephen T. Melnick
Stephen T. Melnick (BBO No. 667323)
**LITTLER MENDELSON, P.C.**
One International Place, Suite 2700
Boston, MA 02110
Phone 617.378.6000
Fax 617.737.0052
Dated: February 4, 2021                      smelnick@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February 2021, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Stephen T. Melnick
Stephen T. Melnick